UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Roy D. Greathouse,                           Case No. 3:15-cv-2595

        Plaintiff

       v.                                      MEMORANDUM OPINION
                                               AND ORDER

Director Gary Mohr, *et al.*,

        Defendants

## Introduction

*Pro se* plaintiff Roy D. Greathouse, a state prisoner, has filed this civil rights action under 42 U.S.C. §1983 against the Director of the Ohio Department of Rehabilitation and Correction, Gary Mohr; Ohio Governor John Kasich; Ohio Attorney General Mike DeWine; Judge Ed Lane; Attorney Roff Bumagardner; ODRC Chief Inspector Roger Wilson; Unit Manager Mr. Gardfrey; Corrections Officer Gooding; and James Haviland and Margaret Bradshaw, the Wardens of the Allen-Oakwood and Richland Correctional Institutions.

On March 7, 2016, the plaintiff also filed an "emergency motion" for a "TPO and TRO" (Doc. No. 5) and a motion to amend his complaint. (Doc. No. 6.) By separate order, I have granted the plaintiff's motion for leave to proceed *in forma pauperis*.

For the reasons stated below, I am dismissing the plaintiff's complaint on initial review under 28 U.S.C. §§ 1915(e) and 1915A and denying his motions for a temporary restraining order and to amend his complaint.

## Plaintiff's Allegations

The plaintiff's complaint is written in a virtually incomprehensible stream-of-consciousness format with a paucity of factual development. He alleges a litany of unexplained grievances and legal claims. On page three of his complaint, he alleges each defendant "works under color of state law [and] acted out of the scope of their job to violate [his] constitutional rights" and to "commit criminal crimes" by: (1) "failing to protect him from assaults"; (2) denying him "due process"; (3) denying him his "right of access to court"; (4) denying him his "right to protect himself"; (5) denying him "free speech and free expression"; (6) denying him "equal protection of law"; (7) denying him the "right to be free of cruel and unusual punishment"; (8) causing him to endure "mental anguish & psychological trauma"; (9) subjecting him to "inhumane conditions of treatment and confinement"; (10) subjecting him to "unsanitary conditions"; (11) "mail tampering"; (12) causing him to suffer "in prison overcrowding"; and (13) "by the fact that exhibit evidence was stolen," "impeding cases," and "witness tamper[ing]." (Doc. No. at 3.)

The only factual allegations I can discern in his complaint pertaining to these alleged rights violations, however, involve an incident he alleges occurred on November 26, 2011. The plaintiff alleges on that day, a "John Doe" corrections officer told "4 multiple inmates to attack [him] with a wooden broom handle." He alleges that after this threatened rape and assault on him were reported, "the defendants staff" lied, covered it up, and denied him "administration or to make a report." (*Id.* at 4.) He also alleges he was subsequently "refused protection for [his] life and safety." (*Id.* at 5.)

On page six of his complaint, the plaintiff conclusorily alleges a litany of purported civil rights violations in connection with a cell move that occurred in December 2015. He alleges Defendants Gardfrey and Haviland ordered him to be moved from a one man medical cell to another cell on the same side of the institution "yet with 2 stacked beds in it knowing [that he is] disabled [and] in a wheel chair and of the attempted rape and assault earlier." (*Id.* at 6.) The litany of claims the plaintiff alleges in connection with this cell move are unclear, but include his allegations that "they" refused him "medications & medical treatment & care doctor" and that "the doctor . . . & Mr. Gardfrey & also

2

Gooding and Mohr . . . intentionally interfered delayed and denied access to imminent medical care." (*Id.*)

The plaintiff seeks $55 million dollars in damages and the following injunctive relief: "emergency investigations & T.P.O. Protective Orders & T.R.O. Restraining Orders." (*Id.* at 6, 7.)

### Standard of Review

Federal district courts are required under 28 U.S.C. § 1915(e) to screen and dismiss before service any *in forma pauperis* action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A requires a district court to screen and dismiss before service any action brought by a prisoner seeking redress from an officer or employee of a governmental entity that is it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits," and *pro se* litigants "are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order to survive dismissal for failure to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may be dismissed for failure to state a claim if "it fails to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### Analysis

3

Upon review, I find the plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because it fails to allege facts sufficient to give the defendants fair notice of the plaintiff's purported claims against them and the grounds on which they rest and does not plausibly suggest any viable federal civil rights violation.

The plaintiff purports to assert the recited litany of civil rights violations arising from the alleged threatened assault and rape against him against all of the nine defendants in the case. However, his complaint fails to state any plausible claim on those bases because it is completely devoid of factual allegations discernibly suggesting that, or how, each defendant was personally involved in or responsible for any of the alleged rights violations.   The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right."  *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . ").

Therefore, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs.   *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).   In addition,

4

supervisory officials and employees cannot be held liable under Section 1983 solely on the basis of *respondeat superior*, or on the basis that they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff's allegations regarding his 2015 cell move, likewise, are too vague and conclusory to support a plausible federal civil rights claim. The plaintiff does not appear to contend that all nine defendants named in the case violated his rights in connection with his cell relocation; he mentions only Defendants Gardfrey, Haviland, Gooding, Mohr, and a prison "doctor" in connection with the relocation. But even to the extent the plaintiff contends these defendants violated his rights, his complaint must be dismissed for failure to state a claim. His vague and conclusory allegations are simply insufficient to afford the defendants fair notice of what his specific claims against them even are in connection with his cell relocation, much less the specific factual grounds on which such claims rest.

Even liberally construing the plaintiff's complaint as purporting to allege inadequate medical care in violation of his rights under the Eighth Amendment, his complaint is insufficient. To make out an Eighth Amendment claim, the plaintiff must show he had a "sufficiently serious" medical need and that the defendants in question acted with "deliberate indifference" to that need. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). This requires the plaintiff to show that the defendants: (1) subjectively knew of a risk to his health, (2) actually drew an inference that a substantial risk of harm to him existed, and (3) consciously disregarded that risk. *See Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010). The plaintiff's complaint does not allege any facts whatsoever suggesting that the defendants he mentions in connection with his cell move (or any other defendant for that matter) acted with deliberate indifference to some serious medical, or any other need, that he had. His allegations, including that he was "denied medications & medical treatment & care doctor," are purely conclusory and fail to state a plausible deliberate indifference claim.

5

In sum, for all of the reasons I have set out above, I find that the plaintiff's complaint fails to allege any plausible federal civil rights claim on which relief may be granted against any defendant in this case, and I am therefore dismissing it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

I am also denying the plaintiff's motions for emergency injunctive relief and to amend his complaint.

A temporary restraining order is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to issue a temporary restraining order is within the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court considers four factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits and (2) that he would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Id.* at 1396.

I do not find these factors warrant issuing any kind of temporary restraining order. As discussed above, the plaintiff has not demonstrated a likelihood of success on the merits on any federal civil rights claim. Although he appears to contend in his emergency motion for injunctive relief that he or his wife, or both, are in some kind of danger because of this lawsuit, I have reviewed his motion and find his allegations in this regard purely conclusory. He has set forth no facts supporting an inference that he or his wife are in imminent danger or would suffer irreparable harm in the absence of injunctive relief. Further, I cannot determine from the plaintiff's motion what or whose specific conduct he wishes to restrain in any case.

I am denying the plaintiff's motion to amend his complaint because I find amendment would be futile. *See Runyan v. Glynn*, 64 F. App'x 924 (6th Cir. 2003) (a motion to amend should be denied if the court finds amendment would be futile). The plaintiff contends he has discovered names of

additional defendants he wishes to name in the case, but he sets forth no substantive facts suggesting he has any plausible federal claim against them.

## Conclusion

For all of the reasons stated above, I am dismissing the plaintiff's complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and denying his motions for a temporary restraining order and to amend his complaint.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.


      s/ Jeffrey J. Helmick
United States District Judge